## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-254 |
| | ) | |
| WELLPATH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Anthony Webb, a prisoner at Coastal State Prison, has submitted a 42 U.S.C. § 1983 Complaint alleging inadequate medical care. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As discussed below, his IFP motion is insufficient and must be supplemented. Given the apparent exigency of the subject of Webb's Complaint, discussed below, the Court has also undertaken to screen it, pursuant to 28 U.S.C. § 1915A.[1] Because the Complaint fails to state a claim upon which relief may be granted, Webb must also amend it.

---

[1] Payment of the filing fee is not a jurisdictional requirement. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).

## I.    IFP Motion

Plaintiff left almost the entirety of his IFP application blank, including the portions directing him to disclose the "[a]mount of money [he has] in cash or in a checking or savings account", items of value he owns, expenses, past income, debts, and information regarding individuals dependent on him for support. *See* doc. 2 at 1-2. Accordingly, it is impossible for the Court to determine whether Plaintiff is indigent. The Court does not assume that the lack of information reflects a lack of resources and Plaintiff's inability to pay the filing fee.

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental

---

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing

information from dubious IFP movants.  *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).[3]

To that end, the Court tolerates no lies.  *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty.  The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is denied because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the

---

fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n. 1 (S.D. Ga. May 14, 2014).

[3] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at *1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

district court.").[4]   Plaintiff's application for IFP status omits material

details.   Because more financial information is needed, Plaintiff is

**DIRECTED** to supplement his IFP request no later than November 14,

2022.[5]

Providing this information will better illuminate Plaintiff's true

financial condition.   In that regard, he must again declare the facts he

---

[4]  Furthermore, liars may be prosecuted.  *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[5]   A   few   important   points   must   be   underscored   here:

   First, proceeding [IFP] in a civil case is a privilege or favor granted by the government.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).  Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1).  The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

pleads to be true, and sign his name to that declaration—under penalty of perjury.  If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."  28 U.S.C. § 1746(1).  The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience.  Failure to comply with this directive will result in a recommendation of dismissal on IFP-deficiency grounds alone.  *Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

## II.    Screening

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).  As Webb is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings

5

drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The allegations in Webb's Complaint are straightforward. He alleges that he has HIV. *See* doc. 1 at 4. He alleges that since his transfer to Coastal State Prison, in April 2022, he has not been provided with his HIV medication. *Id.* at 5. He alleges that "[t]he HIV has made [him] lose over 25 lbs and [he is] so we[a]k [he] can[']t get out of bed most days." *Id.* at 6. He lists numerous occasions between April and September 2022, when he made requests to various prison staff concerning his medication. *See id.* at 8-9.

Webb characterizes his claim as alleging "deliberate indifference to a serious medical need." Doc. 1 at 4. To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011).

However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must plead facts sufficient to show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal citations and quotation omitted).

Webb's allegation that he suffers from HIV is sufficient to allege an objectively serious medical need. *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). His allegations concerning the subjective prong of his deliberate indifference claim are, however, insufficient. First, he names Coastal State Prison as a defendant. *See* doc. 1 at 3. It is absolutely clear that the prison is not an entity subject to suit under § 1983. *See, e.g., Arnold v. Telfair State Prison*, 2022 WL 4091412, at *2 (S.D. Ga. Aug. 11, 2022) ("[J]ails and prisons are not legal entities subject to liability in § 1983 claims," and collecting cases), *adopted*, 2022 WL 4087535 (S.D. Ga. Sept. 6, 2022). Since Coastal State Prison, as an entity, cannot be sued, any claim he asserts against it must fail. Claims

against the remaining defendants are not precluded, but his factual allegations are insufficient.

Webb names Wellpath Corporation and Regional One Healthcare Corporation. *See* doc. 1 at 2-3. Although it is not expressly alleged, the Court infers that those entities are the private contractors responsible for providing healthcare services to inmates at Coastal State Prison.[6] Courts have recognized that "[a] private entity providing medical services pursuant to a contract . . . is only liable under § 1983 where it employs a custom or policy that results in deliberate indifference to an inmate's serious medical need." *Brown v. Bell*, 2022 WL 779771, at *3 (N.D. Ala. Mar. 14, 2022) (citing, *inter alia.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Denham v. Corizon Health, Inc.*, 675 F. App'x 935, 940 (11th Cir. 2017) ("A private entity . . . is subject to liability under section 1983 when it performs a function traditionally within the exclusive prerogative of the state, such as contracting . . . to provide medical services to inmates . . . ."); *Massey v.   Montgomery County*

---

[6] Wellpath is never mentioned in the Complaint's factual allegations. *See generally* doc. 1. Regional One Health is only mentioned once, as the employer of a nurse practitioner who Webb alleges saw him remotely. *Id.* at 8 ("I have put in sick calls and seen the P.A. Hall and done telemedicine with the N.P. who worked for Regional One Health.").

*Detention Facility*, 646 F. App'x 777, 780 (11th Cir. 2016) ("*Monell's* 'policy or custom' requirement . . . applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates."). Webb has not alleged any "custom or policy" sufficient to state a deliberate indifference claim against either entity.

The only individual Webb names as a defendant is Brianna Kaigler. *See* doc. 1 at 3. The caption also lists a "Medical Director," and "Dr. Bladlock"; it is not clear whether Bladlock is the medical director or is named as a separate defendant. *See id.* at 1. Webb's factual allegations also refer to a "P.A. Hall" and an unidentified "N.P." who examined him. *See id.* at 8. He also says that he "wrote the unit manager Stephanie Love," about his medical needs. *Id.* Finally, he alleges that he submitted grievances to two "counselors," Mack and Williams. *Id.* at 8-9. The allegations implicating these individuals are not sufficiently clear to allege their subjective knowledge of or deliberate indifference to Webb's medical needs. Finally, it is not clear whether he asserts any claims against the individuals mentioned in his allegations but who are not named as defendants. *Cf., e.g., Wilger v. Dept. of Pensions and Sec. for*

*State of Ala.*, 593 F.2d 12, 13 (5th Cir. 1979) (directing district court to permit *pro se* plaintiffs "to amend their complaint in order to add such parties-defendant as they choose to name.").

Despite the Complaint's failure to state a claim upon which relief may be granted, Webb is entitled to an opportunity to amend his Complaint. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Webb is **DIRECTED** to file an Amended Complaint no later than November 28, 2022. The Clerk is **DIRECTED** to include a copy of form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) for Webb's convenience. Webb is advised that his amended complaint will supersede his original complaint and therefore must be complete in itself. *See Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).

### III.   Conclusion

In summary, Webb is **DIRECTED** to supplement his request to proceed *in forma pauperis* by no later than November 14, 2022.  He is further **DIRECTED** to file an Amended Complaint no later than November 28, 2022.  The Clerk is **DIRECTED** to include copies of the IFP forms and complaint forms, as provided above.  Webb is advised that failure to comply with either direction may result in dismissal of his case for failing to obey a court order or failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 1st day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA